1 | STEPHANIE YONEKURA
2 | Acting United States Attorney
  | ROBERT E. DUGDALE
3 | Assistant United States Attorney
  | Chief, Criminal Division
4 | STEVEN R. WELK
  | Assistant United States Attorney
5 | Chief, Asset Forfeiture Section
6 | California Bar No. 149883
  |     Federal Courthouse, 14th Floor
7 |     312 North Spring Street
  |     Los Angeles, California 90012
8 |     Telephone: (213) 894-6166
9 |     Facsimile: (213) 894-7177
  |     E-mail: Steven.Welk@usdoj.gov
10 |
   | Attorneys for Plaintiff
11 | United States of America

12 |

13 |                 UNITED STATES DISTRICT COURT

14 |          FOR THE CENTRAL DISTRICT OF CALIFORNIA

15 |                      WESTERN DISTRICT

16 | UNITED STATES OF AMERICA,      )  No. CV 14-07494-SVW(AJWx)
                                     )
17 |           Plaintiff,           )  VERIFIED COMPLAINT FOR
                                     )  FORFEITURE
18 |           v.                   )
                                     )  [21 U.S.C. § 881(a)(6)]
19 | $712,741.00 IN U.S. CURRENCY,  )
                                     )        [F.B.I.]
20 |           Defendant.           )
                                     )
21 | _____ )

22 |

23 |      The United States of America brings this claim against the

24 | defendant $712,741.00 in U.S. currency ("defendant currency"),

25 | and alleges as follows:

26 |                    JURISDICTION AND VENUE

27 |      1.   This is a civil forfeiture action brought pursuant to

28 | 21 U.S.C. § 881(a)(6).

1      2.    This court has jurisdiction over the matter under 28

2  U.S.C. §§ 1345 and 1355.

3      3.    Venue lies in this district pursuant to 28 U.S.C. §

4  1395(b).

5                       PERSONS AND ENTITIES

6      4.    The plaintiff is the United States of America.

7      5.    The defendant is $712,741.00 in U.S. currency seized

8  on April 8, 2014 from Owen C. Edwards, Jr. during a traffic stop

9  in Hawthorne, California.

10     6.    The interests of Owen C. Edwards, Jr. ("Edwards") may

11  be adversely affected by these proceedings.

12     7.    The defendant is in the custody of the United States

13  Marshals Service, where it shall remain subject to this court's

14  jurisdiction during the pendency of this action.

15                   FACTS SUPPORTING FORFEITURE

16     Initial Encounter with Owen C. Edwards, Jr.

17     8.    On April 8, 2014, at approximately 4:49 p.m.,

18  Hawthorne Police Department officers conducted a traffic stop of

19  a white 2008 Ford truck, California license plate number

20  8N05898, in Hawthorne, California for violation of California

21  Vehicle Code Section 5204 (no registration tags).  The driver of

22  the Ford truck was identified as Edwards who provided a New York

23  driver license.  Edwards also had three cellular telephones in

24  the Ford truck.  The officer searched Edwards' name for warrants

25  and discovered that Edwards was on probation.  The officer asked

26  Edwards to exit the Ford truck.  Edwards was placed in handcuffs

27  and seated in the officer's patrol vehicle.

28  ///

9.    The officer then attempted to contact the U.S. Probation Office in New York to inquire about Edwards' probation conditions, but was unable to reach anyone.

10.    At approximately 5:02 p.m., additional officers arrived to assist with the traffic stop.  Edwards was asked why he was on probation, but he refused to answer and invoked his Fifth Amendment rights.  Edwards had not yet been read his Miranda rights.

11.    Officers searched Edwards's wallet which included his New York driver license, $726.00, and a rental agreement from Avon Rent-A-Car-Truck-Van ("Avon") with no other identification, credit card or other documents.  The Avon rental agreement was in the names of Robert Lefny and Escabi Martinez and listed a residential address in Miami, Florida.[1]

12.    An officer called Avon and spoke with an employee who advised the officer that Avon did not have any record of Edwards being an authorized driver of the Ford truck.  The officer then called the contact number for the renters and spoke with Robert Lefny ("Lefny").  The officer asked Lefny if Lefny knew anyone by the name of Owen Edwards.  Lefny asked the officer to repeat the name.  The officer repeated the name Owen Edwards and Lefny stated that he did know Edwards.  When asked if Edwards had permission to drive the Ford truck Lefny had rented, Lefny disconnected the telephone call.

///

///

---

[1] Pursuant to Local Rule 5.2-1, home addresses have been omitted from this Complaint.

1    Search of 2008 Ford Truck

2        13.   Officers observed several new cardboard boxes in the

3    rear crew cab of the Ford truck that were visible from outside.

4    Officers asked Edwards if they could search the Ford truck, but

5    Edwards refused to give consent to a search of the truck.   An

6    officer arranged for a trained drug detecting canine to respond

7    to the scene and conduct a narcotic sniff of the Ford truck.

8    The canine sniffed around the exterior of the truck and made a

9    positive alert to the odor of narcotics.   The door was opened

10   and the canine was allowed inside the truck, where it began

11   scratching at the passenger seat area where officers found a

12   black duffle bag.

13       14.   A search of the black duffle bag revealed eleven heat

14   sealed bags of currency totaling $712,015.00 in U.S. currency.

15   When Edwards was asked if he knew what was in the black duffle

16   bag, Edwards stated that he did not.   The currency found in the

17   duffle bag and the currency found in Edwards' wallet, totaling

18   $712,741.00 (i.e., the defendant currency) was seized.   Edwards

19   was not arrested.

20       Interview of Edwards at U.S. Probation Office

21       15.   On April 18, 2014, Edwards was interviewed by the U.S.

22   Probation Office by telephone.   Edwards stated that he traveled

23   to California on very short notice for his birthday and to

24   attend the Coachella Music Festival without his probation

25   officer's authorization because he did not believe that the

26   probation office would authorize his travel.   Edwards stated

27   that he traveled in a truck that had been rented by a friend and

28   was unaware of the money in the truck.

                                    4

1    16.   On April 23, 2014, Edwards was interviewed at the U.S.

2  Probation Office.   Edwards was advised that the District of

3  Connecticut would review the unauthorized travel and decide what

4  action would be taken.   During this interview, Edwards stated

5  that he traveled to California for his birthday and to attend

6  the Coachella Music Festival without the probation officer's

7  authorization.   Edwards stated that he traveled in a truck

8  rented by a friend, but he did not name the friend.   Edwards

9  again stated that he did not know that there was hundreds of

10  thousands of dollars in a duffle bag in the truck.   Edwards

11  stated that he believed the money may have been for payments for

12  performers such as rap musicians who would be making guest

13  appearances during the music festival.   However, he confirmed

14  that he was unaware that the money was in the truck.

15        Criminal History of Edwards

16    17.   A criminal history check of Edwards revealed the

17  following: in July 1989, Edwards was arrested for criminal

18  possession of weapon; in October 1993, Edwards was convicted of

19  interstate transportation of a defaced firearm and purchase of

20  firearms in interstate commerce; in March 2002, Edwards was

21  convicted of resisting arrest and 3rd degree assault; and in

22  March 2007, Edwards was convicted of obstructing administration

23  of law.

24    18.   On November 3, 2009, Edwards was indicted in the

25  District of Connecticut in United States v. Lamont Muller, et

26  al., case number CR 09-247 (RNC), for violation of 21 U.S.C.

27  § 846 (conspiracy to possess with intent to distribute cocaine,

28  cocaine base/crack cocaine and marijuana).   On April 8, 2010, a

1  first superseding indictment was filed in that case charging
2  Edwards with violation of 21 U.S.C. § 846 (conspiracy to possess
3  with intent to distribute cocaine, cocaine base/crack cocaine
4  and marijuana).  On July 7, 2010, a second superseding
5  indictment was filed charging Edwards with violation of 21
6  U.S.C. § 846 (conspiracy to possess with intent to distribute
7  cocaine, cocaine base/crack cocaine, marijuana and oxycodone).

8      19.  On September 2, 2010, a One-Count Information was
9  filed charging Edwards with a violation of 21 U.S.C. § 846
10  (conspiracy to possess with intent to distribute cocaine,
11  cocaine base/crack cocaine and marijuana) in United States v.
12  Owen Edwards, a.k.a. "Ed," case number CR 09-247 (RNC) in the
13  District of Connecticut.  On that same day, Edwards entered into
14  a plea of guilty to the One-Count Information.  On November 18,
15  2010, Edwards was sentenced to 24 months imprisonment and three
16  years of supervised release upon release from imprisonment.
17  Edwards stipulated to detention on September 9, 2014 for
18  violation of his supervised release condition.  A hearing
19  concerning Edwards' violation of supervised release is scheduled
20  for October 1, 2014.

21      20.  Based on the above, plaintiff alleges that the
22  defendant currency represents or is traceable to proceeds of
23  illegal narcotics trafficking, or was intended to be used in one
24  or more exchanges for a controlled substance or listed chemical,
25  in violation of 21 U.S.C. § 841, et seq.  The defendant currency
26  is therefore subject to forfeiture pursuant to 21 U.S.C. §
27  881(a)(6).
28  ///

1    WHEREFORE, plaintiff United States of America prays that:

2    (a)   due process issue to enforce the forfeiture of the

3    defendant currency;

4    (b)   due notice be given to all interested parties to

5    appear and show cause why forfeiture should not be decreed;

6    (c)   that this Court decree forfeiture of the defendant

7    currency to the United States of America for disposition

8    according to law; and

9    (d)   for such other and further relief as this Court may

10   deem just and proper, together with the costs and disbursements

11   of this action.

12   DATED: September 24, 2014        STEPHANIE YONEKURA
                                      Acting United States Attorney
13                                    ROBERT E. DUGDALE
                                      Assistant United States Attorney
14                                    Chief, Criminal Division

15

16                                    _____
                                      STEVEN R. WELK
17                                    Assistant United States Attorney
                                      Chief, Asset Forfeiture Section
18
                                      Attorneys for Plaintiff
19                                    United States of America

20

21

22

23

24

25

26

27

28

1                            <u>VERIFICATION</u>

2        I, Jennifer Rudy, hereby declare that:

3        1.    I am a Special Agent with the Federal Bureau of

4   Investigation and am the case agent for the forfeiture matter

5   entitled <u>United States of America v. $712,741.00 in U.S.</u>

6   <u>Currency</u>.

7        2.    I have read the above Verified Complaint for

8   Forfeiture and know its contents.  It is based upon my own

9   personal knowledge and reports provided to me by other law

10  enforcement agents.

11       3.    Everything contained in the Complaint is true and

12  correct, to the best of my knowledge and belief.

13       I declare under penalty of perjury that the foregoing is

14  true and correct.

15       Executed September 24, 2014 in Orange, California.

16

17                              JENNIFER RUDY

18

19

20

21

22

23

24

25

26

27

28

                               8

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| I. (a) PLAINTIFFS  ( Check box if you are representing yourself ☐ ) | DEFENDANTS  ( Check box if you are representing yourself ☐ ) |
|---|---|
| United States of America | $712,741.00 in U.S. Currency |

| (b) County of Residence of First Listed Plaintiff<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant   Los Angeles<br>*(IN U.S. PLAINTIFF CASES ONLY)* |
|---|---|

| (c) Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.<br>Steven R. Welk, Assistant United States Attorney<br>312 North Spring Street, 14th Floor, Los Angeles, California 90012<br>Telephone: (213) 894-6166  Fax: (213) 894-7177<br>E-Mail: Steven.Welk@usdoj.gov | Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information. |
|---|---|

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☒ 1. U.S. Government Plaintiff
- ☐ 2. U.S. Government Defendant
- ☐ 3. Federal Question (U.S. Government Not a Party)
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☒ 1. Original Proceeding
- ☐ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reinstated or Reopened
- ☐ 5. Transferred from Another District (Specify)
- ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No     ☐ MONEY DEMANDED IN COMPLAINT: $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
21 U.S.C. § 881(a)(6)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 530 General | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 535 Death Penalty | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | **Other:** | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 540 Mandamus/Other | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 550 Civil Rights | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 555 Prison Condition | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 560 Civil Detainee Conditions of Confinement | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine<br>☐ 345 Marine Product Liability | **BANKRUPTCY** | **FORFEITURE/PENALTY** | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | ☒ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | ☐ 690 Other | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 360 Other Personal Injury | **CIVIL RIGHTS** | **LABOR** | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 362 Personal Injury-Med Malpratice | ☐ 440 Other Civil Rights | ☐ 710 Fair Labor Standards Act | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 365 Personal Injury-Product Liability | ☐ 441 Voting<br>☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY**<br>☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accommodations<br>☐ 445 American with Disabilities-Employment | ☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other<br>☐ 448 Education | ☐ 790 Other Labor Litigation<br>☐ 791 Employee Ret. Inc. Security Act | |

| FOR OFFICE USE ONLY: | Case Number: CV14 07494 |
|---|---|

CV-71 (06/14)         CIVIL COVER SHEET         Page 1 of 3

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII.  VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A:  Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| [ ] Yes  [X] No | [ ] Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| If "no," skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | [ ] Orange | Southern |
|  | [ ] Riverside or San Bernardino | Eastern |

| QUESTION B:  Is the United States, or one of its agencies or employees, a PLAINTIFF in this action? | B.1. Do 50% or more of the defendants who reside in the district reside in Orange Co.? *check one of the boxes to the right* ➡ | [ ] YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| [X] Yes  [ ] No | | [X] NO. Continue to Question B.2. |
| | B.2. Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.) *check one of the boxes to the right* ➡ | [ ] YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| If "no," skip to Question C. If "yes," answer Question B.1, at right. | | [X] NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C:  Is the United States, or one of its agencies or employees, a DEFENDANT in this action? | C.1. Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.? *check one of the boxes to the right* ➡ | [ ] YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| [ ] Yes  [X] No | | [ ] NO. Continue to Question C.2. |
| | C.2. Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.) *check one of the boxes to the right* ➡ | [ ] YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| If "no," skip to Question D. If "yes," answer Question C.1, at right. | | [ ] NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D:  Location of plaintiffs and defendants? | A. Orange County | B. Riverside or San Bernardino County | C. Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | [ ] | [ ] | [X] |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | [ ] | [ ] | [X] |

| D.1. Is there at least one answer in Column A? | D.2. Is there at least one answer in Column B? |
|---|---|
| [ ] Yes  [X] No | [ ] Yes  [X] No |
| If "yes," your case will initially be assigned to the SOUTHERN DIVISION. Enter "Southern" in response to Question E, below, and continue from there. If "no," go to question D2 to the right. ➡ | If "yes," your case will initially be assigned to the EASTERN DIVISION. Enter "Eastern" in response to Question E, below. If "no," your case will be assigned to the WESTERN DIVISION. Enter "Western" in response to Question E, below. ⬇ |

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: ➡ | Western |

| QUESTION F: Northern Counties? | |
|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | [ ] Yes  [X] No |

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court**?          ☒ NO      ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Is this case related (as defined below) to any cases previously filed **in this court**?          ☒ NO      ☐ YES

If yes, list case number(s): _____

Civil cases are related when they:

☐ A. Arise from the same or closely related transactions, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges.

Check all boxes that apply.  That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**X. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):** _____     DATE:  September 24, 2014

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

---

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended.  Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |